## MITCHELL v. STATE.

[91 South. 578. No. 22193.]

1. INTOXICATING LIQUORS. *Evidence held to prove delivery in selling liquor; evidence held to prove liquor to be intoxicating.*

Where the evidence for the state, in a case of selling intoxicating liquors, shows that the state witness called for "shinny" and money was paid therefor, and the liquor was delivered, and, while the defendant was pouring the liquor from one bottle to another, at the request of the buyers, for division, a constable appeared on the scene, when the defendant seized the bottle and broke it and returned the money, and where the constable testified he smelled the liquor as he approached and that it was whisky, the evidence is sufficient to sustain a conviction.

2. CRIMINAL LAW. *Instruction held not misleading nor objectionable as assuming facts.*

In a trial for the sale of intoxicating liquor, under the facts above set out, it was not error to give the following instruction for

the state: "That, if they believe from the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant in district No. 2, Jackson county, Miss., on or about the 23d day of June, 1921, sold intoxicating liquor, to wit, 'shinny,' they should find the defendant guilty as charged, even though they do believe from the evidence that, after the sale was made, the defendant took the bottle back in his possession and destroyed the 'shinny' therein and thereafter returned the purchase price of said liquor to the purchaser."

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Johnnie Mitchell was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*Mize & Mize,* for appellant.

The defendant asked the usual instruction, that before they could convict him, the jury must believe from the evidence that the liquor was intoxicating, yet the court peremptorily told the jury that "Shinny" was intoxicating liquor, and thus destroyed all the effect of the instruction asked on behalf of the defendant.

It at least should have been left to the jury to say whether or not the defendant sold any intoxicating liquor. The next glaring error in this instruction is that it assumes, further, that a sale was made, in that it tells the jury, in the closing part of the instruction, "even though they do believe the evidence that, after the sale was made, the defendant took the bottle back in his possession and destroyed the shinny therein and thereafter returned the purchase price of the liquor to the purchaser."

The court will remember that the testimony of the state shows that, when the marshal came up on the night of June 23d, the appellant broke the bottle of shinny it is alleged the witnesses had bought and the contents all ran out on the ground, and that the money was thereafter returned to the purchaser.

The defendant absoluetly denied the sale, but this instruction tells the jury as a fact that, even though after

the sale was made the defendant took the bottle and broke it, etc., the defendant would be guilty, which makes the instruction very misleading.

This instruction is very loosely drawn and very misleading all the way through. A very simple instruction could have been drawn to the effect that, if the jury believed from the evidence beyond a reasonable doubt, that the defendant sold intoxicating liquor at the time alleged, they should find him guilty, and this would have stated the law; but here this instruction tells the jury, in an exceedingly close case on the facts, as we expect to argue hereinafter, that "if they believe from the facts and circumstances in evidence,"—thereby assuming certain evidence to be proven fact, when it was in dispute, and then proceeding to peremptorily charge the jury that "shinny" is intoxicating liquor, when as a matter of fact the evidence does not show it, and when the only evidence to the effect that it is intoxicating is that it smelled like it, thereby making it a question for the jury to say whether or not it was intoxicating, and this instruction then going on to assume that a sale was made, as hereinbefore discussed,—these defects, we submit, make the instruction highly erroneous, in that it assumes and peremptorily tells the jury that "shinny" is intoxicating, and assumes that evidence in dispute was a fact, and assumes that a sale had been made, when as a matter of fact, all these things, under the evdience, were questions for the jury to pass on.

*H. Cassedy Holden*, special assistant attorney-general, for the state.

The appellant complains that the state nowhere proved that "shinny" was intoxicating, but this contention is without foundation. This fact is proved by the testimony of Gerald, but it was not necessary to prove this fact. It was only necessary to prove that the defendant sold intoxicating liquor, under whatever name it may have been called by the seller and the purchaser

The appellant contends that the verdict is not supported by the evidence. But, it is submitted, the evidence is amply sufficient to justify a conviction. One witness testified positively that he bought intoxicating liquor from the defendant. He was corroborated by another witness. The defendant denied the sale. An issue was thereby presented to the jury, which was resolved against the defendant.

The appellant insist that no sale was proved or shown to be a complete sale. But the testimony shows that the money was paid and the goods were delivered. This was sufficient to complete the sale.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Johnnie Mitchell, was indicted and convicted for selling intoxicating liquors and sentenced to pay a fine of one hundred dollars and serve ninety days in the county jail, and, from said conviction, appeals.

The facts involved were that one E. C. Gerald and another, students in the United States Vocational Training School at Pascagoula, Miss., drove out to appellant's place for the purpose of procuring some liquor. They paid the appellant for the liquor and requested him to divide it into two bottles. While the appellant was pouring the liquor from one bottle to another, a constable appeared upon the scene and, when appellant heard him coming, he said to the witness, "Give me the bottle," and broke the bottle, spilling the liquor out and pouring water so as to disguise its nature. The constable came up and made some remark indicating that he thought they were destroying the evidence but did not make an arrest but proceeded on to some other point, whereupon the appellant returned the money paid him by Gerald. Neither the purchaser nor the principal tasted the liquor. The proof shows that the witness called for "shinny." The constable testified however that he could smell the liquor, and it was whisky. Appellant was thereafter arrested and indicted and tried as above stated.

It was insisted that there was no sale because there was no delivery, and second, that there was no proof that it was intoxicating liquor. It is also claimed that the court committed error in granting the following instruction:

"The court instructs the jury for the state that, if they believe from the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant in district No. 2, Jackson county, Miss., on or about the 23d day of June, 1921, sold intoxicating liquor, to wit, 'shinny,' they should find the defendant guilty as charged, even though they do believe from the evidence that, after the sale was made, the defendant took the bottle back, in his possession and destroyed the 'shinny' therein, and thereafter returned the purchase price of said liquor to the purchaser."

It is said that this instruction is erroneous, first, because it is misleading in that it instructs the jury that, if they believe from the facts and circumstances in evidence, etc., thereby assuming that certain facts had been proved, and also it is error because it told the jury that shinny is intoxicating liquor and third, that it assumes that a sale was made.

We do not believe these criticisms are well taken. The jury was instructed that if they believed from the facts and circumstances in evidence beyond a reasaonable doubt. The jury was authorized to consider facts as evidence, especially where, under the rules of circumstantial evidence, conclusion of guilt may be drawn from such facts. We do not think that, using the words, "to-wit, shinny," in the above instruction is objectionable, because we think it is generally understood that 'shinny' is moonshine whisky and it would be no more objectionable to say "intoxicating liquor, to-wit, shinny," than it would be to say "intoxicating liquor, to-wit, whisky."

We think the proof shows clearly that there was a delivery of intoxicating liquor and a payment of the money, and, after these facts existed, the bottle was returned to the appellant for a division of the liquor into two bottles

instead of one, and the fact that he broke the bottle, destroyed the liquor, and returned the purchase money did not operate as a pardon for the offense already committed.

The judgment will be affirmed.

*Affirmed.*